### THE NEW YORK PHONOGRAPH CO. v. EDISON et al.

(Circuit Court, S. D. New York. September 24, 1906.)

ATTORNEY AND CLIENT—MOTION FOR DISCHARGE OF SOLICITOR—BREACH OF CONTRACT.

The question whether a solicitor in a pending suit has been guilty of a breach of his contract of employment will not be determined on a motion for his summary discharge, where the facts are in dispute, but will be left for decision in a plenary action for the breach, and a substitution will be permitted only on the giving of security to protect his rights, should he prevail in such action.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 113–115.]

On Motion for Discharge of Solicitor.

Max J. Kohler, for the motion.
Mr. Mellville, opposed.

LACOMBE, Circuit Judge. The motion summarily to discharge the solicitor for complainant on the ground of alleged breaches of his contract of employment is denied. The questions of fact raised on the papers are too numerous, too complicated, and too sharply controverted to be thus disposed of. Whether any one, who was a party directly or by privity to the contract of employment of solicitor and associate counsel, has broken such contract, is a matter to be determined by plenary action between the parties interested, in which action damages appropriate to the conclusion reached will be awarded, and proper consideration given to any sums of money which may have passed between parties down to the time when such judgment may be entered.

Complainant, however, should not be compelled to continue the employment while such controversy with the employés is in progress; but it must provide abundant security against possible loss. A mere preservation of lien on the ultimate recovery will not be sufficient, because the new solicitor and counsel may so mismanage the cause as to make the accounting barren of pecuniary results, which present solicitor and counsel might secure if they were allowed to proceed with it. Substitution will be granted upon these terms:

First. It shall be sent to a master to determine what compensation, on the basis of a quantum meruit, would be now due to solicitor and counsel, including disbursements. The expenses of such inquiry by the master to be borne by complainant.

Second. The sums so found to be earned shall be paid in cash, but only upon the payee giving sufficient security to repay the same, or any part thereof, should the judgment in a plenary suit against him, to be brought in 30 days, decree that by reason of any neglect or misconduct on his part complainant had suffered a loss properly chargeable against the amount of his earned services.

Third. If the payee elect not to give security, the money shall be deposited in court to await the result of such plenary suit.

Fourth. The lien provided for in the contract of employment shall remain in force against the proceeds of the litigation, so that, in the event of the court's holding that the employé committed no breach and that forcible substitution is a breach by the employer, such employé may be made whole for the loss sustained by being forced out of the further prosecution of a profitable litigation.