LANAGAN *v.* WAYNE CIRCUIT JUDGE.

ATTORNEY AND CLIENT—FEES—SUBSTITUTION.
   Upon motion to permit a substitution of solicitors, the court erroneously permitted the client, who was indebted to his former solicitor for services rendered in the litigation, to make the change without requiring payment of the solicitor's fees or securing them.

Mandamus by Richard F. Lanagan to compel George P. Codd, one of the circuit judges of Wayne county, to set aside an order permitting another solicitor to be substituted for relator in litigation pending before said court. Submitted February 29, 1912. (Calendar No. 24,933.) Writ granted May 31, 1912.

*William Van Dyke*, for relator.

*James H. Pound*, for respondent.

PER CURIAM. Mr. Alfred Canney was sued by his
wife. He employed the relator as his solicitor. There
was also other litigation in which relator was employed.
Difficulty arose between Mr. Canney and the relator.
Mr. Canney filed a petition before respondent to have an-
other solicitor substituted in the place of Mr. Lanagan.
The latter objected, unless he was paid for the services
he had rendered. The circuit judge ignored Mr. Lana-
gan's protest, and made the order of substitution without
any conditions attached. A motion was made to set aside
this order, and that was denied. Mandamus was brought
to review this action. Counsel for the respondent cited
the case of *Canney* v. *Canney*, 131 Mich. 363 (91 N. W.
620). A reference to the case will show it is easily dis-
tinguishable from the one now under consideration. So
far as it is applicable, it is against the contention of coun-
sel. There is also the same difficulty with the other cases
cited by counsel for respondent. In, 20 Enc. Pl. & Prac.,
at page 1013, it is said:

"Right of Client to Change Attorney. — Generally
speaking, a party has an absolute right to change his at-
torney at will, at any point in the suit, and without as-
signing any cause therefor, upon making application for
the substitution in the proper manner.

"Payment of Fees Earned.—This general rule is, how-
ever, subject to the exception that the attorney's fees for
services already rendered must be paid or secured to him,
where the application for substitution assigns no cause
therefor."

The note says:

"Where a board of supervisors by their vote discharge
a firm of attorneys who have been acting in their employ
(so far as their vote can discharge them) merely because
the supervisors choose so to do, with a view to substitute
another attorney for the board, they must pay the firm of
attorneys their reasonable claims, which may be ascer-

tained by a reference. And the attorneys are not bound to consent to a substitution or to deliver the papers upon which they have a lien, until the amount of their just demands is ascertained by the court or a referee, and paid them. *Ulster County* v. *Brodhead* (Sup. Ct. Spec. T.), 44 How. Prac. (N. Y.) 411.

"*Matter of Prospect Ave.*, 85 Hun (N. Y.), 257 [33 N. Y. Supp. 196], in which case the court said:

" 'If an unconditional substitution is asked for, this will not be granted unless such misconduct on the part of the attorney is shown as would deny him the protection which the court would otherwise afford him for his fees or for any other lien that he might have. We think, apart from the question of misconduct or bad faith, that a client subject only to the payment of the attorney's fees in a proper case, or securing them if they cannot then be fixed and determined, has the right, without assigning cause, at any point in a suit or proceeding, to change his or her attorney. While, therefore, the client has a right to a substitution at any time upon payment or the securing of the attorney's fees—which is but another way of saying that such right is conditional—there is the other right, arising from the misconduct of the attorney, which, when shown to the satisfaction of the court, is unconditional. In one case a substitution is granted as a matter of course upon terms; and in the latter, for misconduct, the substitution is unconditional' —citing *Ogden* v. *Devlin*, 45 N. Y. Super. Ct. 631; *Prentiss* v. *Livingston* (Marine Ct. Spec. T.), 60 How. Prac. (N. Y.) 380; *In re Paschal*, 10 Wall. [U. S.] 483."

See, also, Green's Practice (1st Ed.), § 788; 1 Tidd's Practice (9th Ed.), p. 94; Weeks on Attorneys at Law (2d Ed.), p. 515; *New York Phonograph Co.* v. *Edison* (C. C.), 148 Fed. 397. The petition does not allege, and the order of substitution does not give, any cause for making the change unless a disagreement as to how much the client should pay his solicitor is to be regarded as such misconduct or bad faith as would warrant his discharge.

The order should preserve the lien of the attorney. *Jones* v. *Muskegon Circuit Judge*, 95 Mich. 289 (54 N. W. 876); *Wipfler* v. *Warren*, 163 Mich. 189 (128 N. W. 178). The writ of mandamus should issue as prayed.

BIRD, J., did not sit.