HORVATH *v.* VASVARY.

1. ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEYS—LIEN FOR SERVICES.

On ordering substitution of attorneys, the court has the power to impose terms that the attorney's fees be paid or secured to him, and to determine the amount in a summary manner.

2. SAME—ORDER OF SUBSTITUTION WITH LIEN FOR SERVICES UN- APPEALED FROM NOT OPEN TO ATTACK LATER.

Where no appeal was taken from an order of the court ordering substitution of attorneys and providing for a lien for services, the amount of which was undetermined, said order is not open to attack in proceedings for determination of the amount of the fees and for enforcement of the lien.

3. SAME—COURT HAD JURISDICTION TO LATER DETERMINE AMOUNT OF FEES.

Since the court had power to determine the amount of fees on substitution of attorneys and provide for a lien therefor, where the amount of fees was left undetermined in said order, it had jurisdiction to later determine the amount and enforce the lien.

4. APPEAL AND ERROR—ATTORNEY AND CLIENT—JURISDICTION OF COURT TO FIX FEES NOT DIVESTED BY APPEAL OF MAIN CASE.

The decree of the Supreme Court, on appeal, did not divest the circuit court of jurisdiction to determine the amount of attorney's fees, which had been left undetermined in ordering substitution of attorneys, since that issue was no part of the main case.

5. SAME—UNDER EVIDENCE COURT CANNOT SAY AWARD OF FEES EXCESSIVE.

While the Supreme Court has discretion in reviewing an allow- ance of attorney's fees on substitution, a complaining party should present evidence of the worth of the work, its extent, character, or other basis to justify disturbing the award, and where no such evidence was given, but the testimony was undisputed that the value of the services rendered was

greater than the amount allowed, the Supreme Court cannot say the allowance was excessive.

6. RECEIVERS—AWARD FOR SERVICES NOT WARRANTED UNDER EVIDENCE.

Where a receiver took into his possession no moneys, goods, or property, made no report as receiver, and, after his removal, testified that he had no claim, and no testimony was taken of the nature or character of his services, there was nothing tangible before the court upon which to base an award for services.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 10, 1929. (Docket No. 29, Calendar No. 34,043.) Decided March 29, 1929.

Separate petitions of Fred H. Aldrich, attorney, and Clarence E. Kephart, receiver, for compensation for services. Plaintiff appeals from orders allowing such fees. Affirmed as to Aldrich. Reversed as to Kephart.

*MacKay, Wiley, Streeter, Smith & Tucker,* for appellant.

*Thomas A. E. Weadock,* for appellees.

FEAD, J. Plaintiff appealed from allowance of attorney's fees to Fred H. Aldrich, and of receiver's fees to Clarence Kephart, in connection with the case of *Horvath* v. *Vasvary,* heard in Wayne circuit court, in chancery, appealed to this court and reported in 238 Mich. 354.

*Claim of Fred H. Aldrich.* In August, 1923, plaintiff retained this petitioner and he brought the suit for her. Some two years later she became dissatisfied, and, without paying or securing his fees or agreeing on the amount, filed petition for substitu-

tion of attorneys, which was granted by an order of the court on November 12, 1925, ordering also that—

"a lien remain on and be charged to whatever property rights plaintiff may attain to or whatever moneys she may receive as a result of this suit * * * for the undetermined value of his services in this case."

No appeal was taken from this order. After final decree on appeal, Mr. Aldrich filed petition for determination of his fees and enforcement of lien. By order of June 25, 1928, after hearing, the fees were fixed by the court at $1,400 and declared to be a lien substantially as in the prior order. No decree of foreclosure of lien was made, but later the court ordered ordinary execution issued against Mrs. Horvath. The present appeal is from the order of June 25th.

On ordering substitution of attorneys, the court has the power to impose terms that the attorney's fees be paid or secured to him, and to determine the amount in a summary manner. 6 C. J. pp. 679, 680; 2 R. C. L. p. 962; *Lanagan* v. *Wayne Circuit Judge,* 170 Mich. 435. The orders here made were in furtherance of that power. The first order declared the conditions of substitution. As no appeal was taken from it, it was not open to later attack. The power to determine the amount of fees on substitution, as well as the establishment of a lien by the first order, gave the court jurisdiction to make the order appealed from.

Nor did the decree of this court in the main case divest the circuit court of jurisdiction over this controversy. The issue here was no part of the main case. Its decision rested upon the power of the court to order terms on substitution and was not

dependent upon the status or jurisdiction of the main case.

Complaint is made that the award was excessive. The testimony was undisputed that the value of the services rendered was greater than the amount allowed. While this court has discretion in reviewing an allowance of attorney's fees on substitution, a complaining party should present evidence of the worth of the work, its extent, character, or other basis to justify our substituting our own judgment of the proper award for that of the chancellor. No such evidence was in the record here to impeach the undisputed testimony of the value of petitioner's services, and we cannot say the allowance was excessive.

The order is affirmed, with costs.

*Claim of Clarence E. Kephart.* On March 22, 1924, Kephart was appointed receiver. On July 23, 1925, a petition was filed for his removal as receiver for neglect of duty. No formal order of removal appeared in the record, but in the order allowing him compensation, which was drafted by his attorney, it was recited that he was removed on November 24, 1925. He took into his possession no moneys, goods, or property, and made no report as receiver. At the hearing of Aldrich's claim for fees, Kephart testified that he had no claim against Mrs. Horvath. He filed this petition after the allowance of the Aldrich claim, and was awarded $500. No testimony was taken of the nature or character of his services. 34 Cyc. p. 473. The record showed nothing tangible before the court upon which to base the award. See, also, High on Receivers (4th Ed.), § 796.

The order is reversed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.