HORVATH *v.* VASVARY.

*In re* PETITION OF KEPHART.

APPEAL AND ERROR—ORDER OF SUPREME COURT FINAL IN ABSENCE OF REHEARING OR REMANDING CASE.

> Order of Supreme Court reversing order of court below allowing receiver fees for services was final, and, in absence of motion for rehearing or to remand, lower court was without jurisdiction to award fees on second hearing.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 16, 1929. (Docket No. 105, Calendar No. 34,581.) Decided December 4, 1929.

Petition of Clarence E. Kephart for fees as receiver in circuit court after final determination in this court. From an order granting the petition, plaintiff, Mathilda Horvath, appeals. Reversed.

*MacKay, Wiley, Streeter, Smith & Tucker,* for appellant.

*Thomas A. E. Weadock,* for appellee.

Butzel, J. In the case of *Horvath v. Vasvary,* 246 Mich. 231, the petition of Clarence E. Kephart for fees as receiver was considered. This court ruled as follows:

"On March 22, 1924, Kephart was appointed receiver. On July 23, 1925, a petition was filed for his removal as receiver for neglect of duty. No formal order of removal appeared in the record, but in the order allowing him compensation, which was drafted by his attorney, it was recited that he was removed on November 24, 1925. He took into his possession no moneys, goods, or property, and made no report as receiver. At the hearing of Aldrich's claim for fees, Kephart testified that he had no claim against Mrs. Horvath. He filed this petition after the allowance of the Aldrich claim, and was awarded $500. No testimony was taken of the nature or character of his services. 34 Cyc. p. 473. The record showed nothing tangible before the court upon which to base the award. See, also, High on Receivers (4th Ed.), § 796.

"The order is reversed, with costs."

The order of this court was final. No application for rehearing or to remand the matter to the lower court was presented. Notwithstanding the finality of this court's order, Kephart applied again to the lower court for fees. Kephart, when asked to place a valuation on the various items for which he claimed compensation, testified that he would ordinarily have charged $40 for the services he rendered. The fact that he had been removed as receiver was not brought out in the testimony. Two witnesses placed

a value of $750 on Kephart's services. The court allowed him $350.

The case comes wholly within the rule laid down in the following cases: *Woodliff* v. *Citizens Building & Realty Co.*, 245 Mich. 292; *White* v. *Wadhams*, 206 Mich. 608; *Thompson* v. *Hurson*, 206 Mich. 139.

The court below had lost all jurisdiction when, after the first hearing in the lower court, we rendered the opinion hereinbefore quoted. That was a final determination of the case. The order of the lower court is herewith reversed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.