LALLEY v. TULLER HOTEL CO.

1. RECEIVERS—ALLOWANCE OF ADMINISTRATIVE EXPENSES.
   "Surplus" decreed by court to be paid to trustee by receiver of hotel property is construed to mean surplus left in his hands after payment of administrative expenses.

2. SAME—FINAL ACCOUNT—COURT ORDER PROTECTION TO RECEIVER—ATTORNEYS' FEES.
   Order of court for payment of appraisers' and attorneys' fees, made after hearing and before payment, is complete protection to receiver, and amounts so paid were properly allowed in receiver's final account.

3. APPEAL AND ERROR—RECEIVERS—FINAL ACCOUNT—QUESTIONS REVIEWABLE.
   Reasonableness of appraisers' and attorneys' fees, paid by receiver on order of court after hearing thereon, is not open to review on appeal from allowance of receiver's final account.

4. RECEIVERS—COMPENSATION—FINAL ACCOUNT.
   Receiver's compensation was proper subject for attack on hearing on allowance of his final account.

5. SAME—RECEIVER'S COMPENSATION—APPEAL AND ERROR.
   Where receiver introduced proof as to value of his services, and there was no proof that amount charged by him was unreasonable, its allowance is not disturbed, on appeal.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 12, 1931. (Docket No. 57, Calendar No. 35,688.) Decided December 8, 1931.

William H. Lalley presented his final report as receiver of the Tuller Hotel Company. Detroit Trust Company, trustee under trust mortgage, filed objections thereto. From an order confirming said final report, Detroit Trust Company appeals. Affirmed.

*Wiley, Streeter, Smith & Ford,* for appellant.

*Bulkley, Ledyard, Dickinson & Wright* (*Charles H. L'Hommedieu* and *Edgar C. Howbert,* of counsel), for appellee.

McDONALD, J. This is an appeal from the judgment of the circuit court for Wayne county, allowing the final account of William H. Lalley, receiver of the Tuller Hotel Company.

Mr. Lalley was appointed receiver by a consent decree entered in the Supreme Court on May 20, 1930. He operated the hotel until his resignation on December 6, 1930. His final account was presented to the circuit court for allowance. The Detroit Trust Company, trust mortgagee, filed objections to the items charged for the receiver's compensation, and asked that he be surcharged with the amounts paid by him to attorneys and appraisers. On the hearing, the court allowed the account in full and discharged the receiver. The Detroit Trust Company, trustee, has appealed.

The appellant's interest in this proceeding and its right to contest the allowance of the account is by virtue of the following provision of the consent decree:

"The trustee under the trust mortgage now standing against the Hotel Tuller property shall have prior right to receive from the receiver, for application upon mortgage indebtedness in accordance with the provisions of the mortgage, all surplus moneys derived by the receiver from the operation of the Hotel Tuller and not disbursed by the receiver in accordance with this decree; and the monthly surplus shall be paid by the receiver to such trustee within ten days next succeeding the calendar month in which such surplus has accrued."

The trustee interprets this provision to mean that the entire surplus shall be paid to it without regard to the receiver's administrative expenses. The language will not admit of such an interpretation. It says: "All surplus moneys * * * not disbursed by the receiver in accordance with this decree." The decree contains considerable detail as to the operation of the hotel. It does not expressly provide compensation for the receiver, but it was not intended that he was to work for nothing. We think a reasonable construction of the plain language of the decree is that the "surplus" to be paid the trustee was the amount remaining in the receiver's hands after payment of the administrative expenses.

As to the disbursements to appraisers and attorneys which the trustee contends should be surcharged to the receiver, the question is ruled by the case of *In re Angell,* 131 Mich. 345. In that case as in this, payments of attorneys' fees were made on orders of the circuit court. It was said:

"A receiver is an officer of court, and amenable to it for a proper discharge of the trust confided to him. When he is in doubt as to what he ought to do, he should take the advice of the court. In this case, before paying the counsel's fee, the receiver presented it to the court, which passed upon it favorably before it was paid by the receiver. Under such circumstances, the receiver ought not to be charged back with funds paid out by him."

In the instant case, before the receiver paid any of the fees, he formally petitioned the circuit court for permission to do so. After a hearing, on which the court seems to have been fully advised, he made an order for their payment. The order is a complete protection to the receiver. It may be, if we were called on to consider these charges, that we

would agree with the appellant that they were excessive and in large part unnecessary; but they are not here for review.

The receiver's compensation was a proper subject for attack by the appellant on the hearing of his final account; but no evidence was offered to show that the amount charged was unreasonable. The receiver introduced proof as to the value of his services. It was not contradicted. If a party expects us to substitute our judgment for that of the trial court, he should furnish some evidence to justify it. *Horvath* v. *Vasvary,* 246 Mich. 231.

Other questions of a more or less technical nature presented by the briefs have been considered but we do not deem it necessary to discuss them.

The judgment is affirmed, with costs to be paid by the appellant.

WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.