KEPHART *v.* HORVATH.

1. EVIDENCE—HYPOTHETICAL QUESTIONS—VALUE OF SERVICES.
   Proper hypothetical question as to value of services, extent and
   character of which are not shown, cannot be propounded to
   experts.

2. ATTORNEY AND CLIENT—VALUE OF SERVICES—EVIDENCE—DAMAGES.
   Where, in action by attorney for professional services rendered,
   testimony in regard thereto was vague and indefinite, and
   insufficient to support judgment for $1,800, it is reduced, on
   appeal, to $410.

Appeal from Wayne; Campbell (Allan), J.  Submitted April 6, 1933.  (Docket No. 34, Calendar No. 37,043.)  Decided May 16, 1933.

Assumpsit by Clarence E. Kephart against Geza Horvath for legal services.  Judgment for plaintiff.  Defendant appeals.  Modified.

*Thomas A. E. Weadock,* for plaintiff.

*Wiley, Streeter, Smith & Ford,* for defendant.

BUTZEL, J.  Clarence E. Kephart, attorney, brought suit against Geza Horvath for professional services.  Kephart engaged in a strictly commercial practice, handling no court work of any kind.  Plaintiff and defendant were friends and neighbors, and, although the record is silent as to the actual amount of work done, it is evident that the former furnished legal advice and services to the defendant.  The parties met frequently at Kephart's office and at their homes to discuss Horvath's problems.

Plaintiff seeks recovery for services which may be divided into five classifications. It is alleged that he was consulted with reference to the advisability of defendant's procuring a divorce from his wife. The actual divorce proceedings were conducted by another attorney. Closely related to this matter were plaintiff's efforts, instigated by defendant, to bring about the removal of a third party from a fraternal order. Kephart wrote two letters, attended the fraternal order's trial, but took no part in it, and also spent one day in a trip to Bay City to interview one of the high officials of the fraternal order in regard to the charges filed. Kephart also testified that he worked with Horvath for a period of six months, advising him in connection with an employment and patent contract closed with the McCord Radiator & Manufacturing Company, but the record contains but little to show the character of these services beyond the fact that plaintiff spent a day and a half revising a draft of the proposed contract, submitted to him by Horvath. These three claims were all allowed by the trial court.

In addition, a claim was made for services performed in the case of *Horvath* v. *Vasvary,* 246 Mich. 231. Claim for compensation is also made for writing a number of letters to various manufacturers, seeking to sell patent devices developed by the defendant. These two claims were disallowed by the trial court, but an $1,800 judgment was entered based on the three claims allowed, although the court commented on his inability to place an exact valuation on the services rendered, stating that:

"It is exceedingly difficult, as the court is in no way aided by the testimony which would give an accurate statement of the time spent."

Plaintiff's testimony in regard to the services performed was extremely vague and indefinite, and it is difficult to fix in even a general way the value of such services. Kephart produced as an expert witness an attorney to whom he had turned over business which required litigation. This attorney estimated the value of the services rendered as $2,500, including the claims later disallowed by the trial court. No basis for his valuation was shown, and the significance of his testimony as to the worth of services, the extent and nature of which were not disclosed, is extremely questionable. A proper hypothetical question as to the value of services, the extent and character of which are not shown, cannot be propounded to experts.

We have searched the record in vain for sufficient testimony to uphold this finding. A careful reading of the record reveals a few small items for which a definite charge may be made. To this figure for services thus shown, we are adding an allowance for general consultation which, because of the vagueness of the testimony on the subject, must be comparatively small. The case is remanded to the trial court, to enter judgment of $410 for plaintiff in accordance with this opinion. Defendant will recover costs in this court, and plaintiff will recover his costs in the lower court.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.