*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEGASUS WIND, LLC,

Petitioner-Appellee,

v

TUSCOLA AREA AIRPORT ZONING BOARD OF
APPEALS,

Respondent-Appellant.

UNPUBLISHED
May 6, 2021

No. 353661
Tuscola Circuit Court
LC No. 19-030829-AA

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Tuscola Area Airport Zoning Board of Appeals (AZBA), appeals by leave granted[1] the March 13, 2020 circuit court order granting Pegasus Wind's emergency motion to enforce the November 27, 2019 order of the circuit court. For the reasons set forth in this opinion, we reverse and remand for the sole purpose of permitting the circuit court to make rulings on the reasonableness and necessity of the conditions imposed on the variances by the AZBA based on the existing record, after which the circuit court may order the variances to be issued immediately without any further conditions and without the inclusion of any of the conditions that the circuit court determines should be stricken under the standards of MCL 259.454(1) and Tuscola Area Airport Zoning Ordinance 5.2.G.(2).

## I. BACKGROUND

Relevant to this appeal, the AZBA denied Pegasus Wind's request for variances regarding the construction of 33 wind turbines near the Tuscola Area Airport. Pegasus Wind appealed to the circuit court. In its November 27, 2019 opinion and order, the circuit court reversed the AZBA's decision. This Court denied the AZBA's application for leave to appeal this order "for lack of

---

[1] *Pegasus Wind, LLC v Tuscola Area Airport Zoning Bd of Appeals*, unpublished order of the Court of Appeals, entered October 19, 2020 (Docket No. 353661).

-1-

merit in the grounds presented." *Pegasus Wind, LLC v Tuscola Area Airport Zoning Bd of Appeals*, unpublished order of the Court of Appeals, entered February 26, 2020 (Docket No. 351915).[2]

The AZBA subsequently approved Pegasus Wind's variance applications for the 33 wind turbines, subject to a series of additional conditions. Pegasus Wind filed an emergency motion in the circuit court to enforce the November 27, 2019 judgment. Following a hearing on the motion that was held on March 13, 2020, the circuit court granted Pegasus Wind's motion and ordered the AZBA to grant the variances without conditions. The circuit court explained its ruling as follows:

> All right. So, the matter is before the Court on -- on this Emergency Motion to Enforce This Court's Judgment of November 27th, 2019. Just to chronologically go through what has occurred here. So, originally, there was an application for 33 variances filed by the Appellant [Pegasus Wind] with the AZBA. And there were various hearings, and the AZBA made a decision to deny the variances. They had the authority. I don't think anyone here is arguing otherwise. But at that time, the AZBA had the authority to grant the variances, grant the variances with conditions, or to deny the variances. They chose to deny the 33 variances at that time.

> And then after the appeal was filed, the Court entered an order, which reversed the AZBA's denial of the 33 variances. That decision was then appealed to the Court of Appeals.

> The Court of Appeals has now made a decision, and found that that appeal was without merit.

> And so now we're in a posture where the AZBA has come back and issued the variances for the 33 turbines, which are -- which would comply with the order of November 27th, but there are additional conditions, which did not exist at the time that the Court reviewed the matter back in fall of last year. Clearly it would be procedurally ridiculous for the Court to -- or excuse me, for now the Court to say well, the variances that have been selected after we've already gone through this process we can't hold back conditions, and then impose them after you lose in the Court of Appeals. It's just a -- a ridiculous result would occur.

> And so, the Court then will order that the AZBA is directed I -- I consider, and grant the motion. The AZBA is directed to issue the variance certificates as originally applied for for the 33 turbines which were at issue in this case without condition forthwith, but no later than Tuesday March 17th at five p.m.

---

[2] Our Supreme Court also denied leave to appeal, *Pegasus Wind, LLC v Tuscola Area Airport Zoning Bd of Appeals*, 949 NW2d 696 (Mich, 2020), and denied a subsequent motion for reconsideration, *Pegasus Wind, LLC v Tuscola Area Airport Zoning Bd of Appeals*, 953 NW2d 396 (Mich, 2021).

The circuit court entered an order to this effect on the same day. It is from this decision that the AZBA now appeals.

## II.  STANDING

As an initial matter, we must briefly address Pegasus Wind's appellate argument that the AZBA lacks standing to bring this appeal. We quote the entirety of Pegasus Wind's argument on this issue below:

> Plaintiff-Appellee Pegasus Wind, LLC ("Pegasus Wind") maintains that Defendant-Appellant Tuscola Area Airport Zoning Board of Appeals' ("AZBA") lacks appellate standing, as argued in Pegasus Wind's motion to dismiss filed in the companion case, Case No. 351915. However, Pegasus Wind is filing this answer in light of this Court's denial of that motion.

As Pegasus Wind notes, this Court denied the referenced motion. *Pegasus Wind, LLC v Tuscola Area Airport Zoning Bd of Appeals*, unpublished order of the Court of Appeals, entered February 6, 2020 (Docket No. 351915). In the instant appeal, Pegasus Wind offers no argument explaining how it contends that this Court's February 6, 2020 order in Docket No. 351915 was erroneous. Therefore, this standing argument is abandoned. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

## III.  MEANING AND EFFECT OF THE CIRCUIT COURT'S NOVEMBER 27, 2019 ORDER

The AZBA argues on appeal that the circuit court's November 27, 2019 order merely reversed the AZBA's denial of the variances without ordering any further specific action by the AZBA and that the AZBA therefore was not prohibited from imposing conditions in granting the variances as the AZBA is authorized to do pursuant to statute and the Tuscola Area Airport Zoning Ordinance. Pegasus Wind argues in response that because the order reversed the AZBA's denial of the variances without remanding for further proceedings, the AZBA was required to simply grant the variances and was without authority to add conditions under these circumstances even though, as Pegasus concedes, the AZBA generally has the legal authority to grant variances subject to reasonable and necessary conditions. Accordingly, resolution of this appeal turns on the meaning and effect of the circuit court's November 27, 2019 order. "Interpreting the meaning of a court order involves questions of law that we review de novo on appeal." *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008).

In its November 27, 2019 order, the circuit court concluded that the AZBA's decision to deny the variances for the 33 wind turbines was not supported by competent, material, and substantial evidence. In resolving the appeal, the circuit court's order specifically stated in conclusion as follows:

> **NOW THEREFORE**, for the foregoing reasons, the Court finds that the Tuscola Area Airport Zoning Board of Appeals erred in denying the 33 variance

applications. The Court further finds that the decision to deny the variance applications violates the Airport Zoning Act and the Airport Zoning Ordinance,

It is **ORDERED** that the Tuscola Area Airport Zoning Board of Appeals conclusion denying the variances is hereby **REVERSED**.

This opinion and order is [sic] a final judgment disposing of all matters relating to this claim of appeal.

It is so **ORDERED**.

We begin by noting that a "court speaks through written judgments and orders . . . ." *Powers v Brown*, 328 Mich App 617, 620 n 1; 939 NW2d 733 (2019) (quotation marks and citation omitted). In this case, circuit court's order clearly states that the denial of the variances was erroneous. The circuit court's order also plainly states that the AZBA's denial of the variances was "reversed" without providing any further guidance, instruction, or order for action directed at the AZBA.

This Court has previously explained the meaning of the term "reverse" in an appellate court judgment as follows:[3]

Black's Law Dictionary (6th ed), p 1319 defines "reverse" as follows:

To overthrow, vacate, set aside, make void, annul, repeal, or revoke; as, to reverse a judgment, sentence or decree of a lower court by an appellate court, or to change to the contrary or to a former condition. To reverse a judgment means to overthrow it by contrary decision, make it void, undo or annul it for error. [*Sumner v Gen Motors Corp*, 245 Mich App 653, 664; 633 NW2d 1 (2001).]

This Court further explained that " 'reverse' is a narrower term that describes an appellate court's change to the opposite result from that by the lower court in a given case" and that "to reverse is to change the result in the case at bar . . . ." *Id*. at 665 (quotation marks and citation omitted).

Hence, the clear effect of the trial court's November 27, 2019 order of reversal in the instant case was to (1) return the parties to their respective positions they had occupied before the AZBA issued its denial by undoing or voiding that denial, (2) indicate that denying the variances was improper, and (3) indicate that the variances must therefore be approved by the AZBA. See *id*. at 664-665. However, the November 27, 2019 order is silent on whether the approval of the variances could include conditions. The circuit court thus expressed in this order, with respect to a final outcome, only a decision that the variances must be granted rather than denied; the circuit court

---

[3] The circuit court in this case was functioning as an appellate court rather than a trial court. See MCL 259.460; MCR 7.122(A)(1); MCR 7.103(A)(3).

expressed no opinion regarding whether the granted variances *could or could not include conditions*.

MCL 259.454(1), which is contained within the Airport Zoning Act (AZA), MCL 259.431 *et seq*., authorizes an airport zoning board of appeals to grant variances "subject to any reasonable condition or condition subsequent that the board of appeals considers necessary to effectuate the purposes of this act." This provision provides in full as follows:

> A person desiring to erect a structure, or increase the height of a structure, or permit the growth of a tree, or otherwise use property in violation of the airport zoning regulations adopted under this act, may apply to the board of appeals, for a variance from the zoning regulations in question. The board of appeals shall allow a variance if a literal application or enforcement of the regulations would result in practical difficulty or unnecessary hardship and the relief granted would not be contrary to the public interest, but would do substantial justice and be in accordance with the spirit of the regulations. However, a variance may be granted subject to any reasonable condition or condition subsequent that the board of appeals considers necessary to effectuate the purposes of this act. A variance shall not conflict with a general zoning ordinance or regulation of a political subdivision. However, a variance may conflict with a zoning ordinance or regulation adopted exclusively for airport zoning purposes. [MCL 259.454(1).]

The Tuscola Area Airport Zoning Ordinance similarly provides that "any variance may be allowed subject to any reasonable condition or conditions subsequent that the Board of Appeals may deem necessary to effectuate the purpose of the Ordinance." Tuscola Area Airport Zoning Ordinance 5.2.G.(2). The zoning ordinance additionally provides:

> In acting upon applications for variance, a variance can be granted on the condition that
>
> The Federal Aeronautics Administration (FAA) and the Michigan Aeronautics Commission (MAC) has issued a permit or determination of non-hazard. Any conditions imposed by FAA or MAC shall automatically become a part of a variance issued. Additional conditions may be imposed. [*Id*.][4]

Considering that the November 27, 2019 order in this case merely returned the parties to their pre-variance-denial status and that the order does not contain any language providing to the contrary, the circuit court did not preclude the AZBA from imposing conditions on the subject variances as the AZBA was authorized to do under both the applicable ordinance and statute. *Id*; MCL 259.454(1). In doing so, the AZBA fully complied with the circuit court's November 27, 2019 order because it granted the variances as was required.

Contrary to Pegasus Wind's argument on appeal, MCL 259.461 does not compel a different conclusion on this point. In relevant part, MCL 259.461 provides that the "court shall have

---

[4] In this case, the FAA has issued determinations of no hazard relative to these wind turbines.

exclusive jurisdiction to affirm, modify, or set aside the decision brought up for review, in whole or in part, and if need be, to order further proceedings by the board of appeals." Relying on this statute, Pegasus Wind argues that the AZBA was without authority to add conditions when granting the variances because the circuit court did not order further proceedings by the AZBA in the November 27, 2019 order. However, the AZBA necessarily had to take some type of further action to approve the variances since the circuit court's reversal had rendered the AZBA's previous decision denying the variances to be without effect. Nothing in the November 27, 2019 order precluded the AZBA from exercising the authority it undisputedly possesses in granting variances to add "any reasonable condition or condition subsequent that the board of appeals considers necessary to effectuate the purposes of [the AZA]." MCL 259.454(1). Pegasus presumes from the circuit court's silence that the AZA was stripped of this authority; but the order did not direct the AZBA to immediately grant the variances without conditions, and we cannot presume that this is what the circuit court meant when there is no such language to indicate as such in the order. *Powers*, 328 Mich App at 620 n 1. Similarly, the circuit court's silence regarding further proceedings does not constitute a prohibition against taking actions necessary to formalize approval of the variances. *Id*.

Pegasus Wind further argues that an appellate court's reversal divests a lower tribunal of "jurisdiction to take additional actions in furtherance of that judgment" and that the AZBA in this case therefore was without authority to hold further proceedings to add conditions in granting the variances.

In support of this argument, Pegasus Wind relies on *Horvath v Vasvary*, 249 Mich 119; 227 NW 753 (1929). In *Horvath*, Clarence Kephart had applied to the lower court for fees based on his service as a receiver. *Id*. at 120. The lower court permitted him fees of $350. *Id*. at 121. However, our Supreme Court explained that in a previous appeal, the Supreme Court had already reversed the lower court's award of fees to Kephart for his service as receiver. *Id*. at 120. Thus, in the second appeal, our Supreme Court concluded: "The court below had lost all jurisdiction when, after the first hearing in the lower court, we rendered the opinion hereinbefore quoted. That was a final determination of the case." *Id*. at 121.

*Horvath* is clearly distinguishable from the instant case. In *Horvath*, Kephart attempted to relitigate the exact issue that had already been decided by the appellate court. Here, in contrast, the AZBA added conditions as part of approving the variances where the circuit court had not previously decided the issue. Thus, Pegasus Wind's reliance on *Horvath* is misplaced. Rather, by relying on its legal authority to grant the variances with conditions, see MCL 259.454(1), the AZBA did not violate the circuit court's November 27, 2019 order.

Nonetheless, the AZBA does not have unfettered discretion in adding conditions to variances. Any conditions must be "reasonable" and "necessary to effectuate the purposes of [the

AZA]." MCL 259.454(1).[5] The same requirements of reasonableness and necessity are present in the zoning ordinance. Tuscola Area Airport Zoning Ordinance 5.2.G.(2).

Pegasus argues on appeal, as it did in the circuit court, that the conditions imposed by the AZBA with respect to the variances at issue are not reasonable or necessary to effectuate the purpose of the zoning act. Although the circuit court struck the added conditions in the Court's March 13, 2020 order, the court did so without providing any analysis of the conditions' reasonableness or necessity, leaving this Court with no ruling on this issue to review. "Appellate review is limited to issues actually decided by the trial court." *Allen v Keating*, 205 Mich App 560, 564; 517 NW2d 830 (1994). Accordingly, we remand this matter to the circuit court so that it may address the reasonableness and necessity of each condition in the first instance. *Id*. A condition is only permissible if it is both reasonable and necessary to effectuate the purposes of the AZA. MCL 259.454(1).

In light of the above conclusions, the AZBA's additional argument—that the circuit court could not have considered potential conditions on the variances at the time that the circuit court issued its November 27, 2019 order because that issue was not ripe—is now moot. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief," and this Court generally does not decide moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). The AZBA's argument that the hearing on Pegasus's emergency motion to enforce the November 27, 2019 order was held too soon after the motion was filed is also now moot. *Id*.

On remand, the trial court may choose to make findings as to whether the AZBA's conditions are reasonable and necessary, in accordance with MCL 259.454(1), on the existing record.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded to either party, a public question being involved. MCR 7.216(A)(7) and MCR 7.219(A). *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle

---

[5] We reject the AZBA's appellate argument that the statute only requires a condition to be reasonable *or* necessary. This argument suggests that the AZBA has the power to impose conditions that it deems necessary but that are objectively *unreasonable* or conditions that appear reasonable but that are clearly *unnecessary*. The plain language of MCL 259.454(1) permits a variance to be granted subject to any "condition or condition subsequent" that is "reasonable" and "that the board of appeals considers necessary to effectuate the purposes of [the AZA]." Thus, any condition must be *both* reasonable and necessary. *Id*.