REFRIGERATING EQUIPMENT CO. *v.* FINCH.

1. EVIDENCE—BURDEN OF PROOF ON CLAIMANT—DAMAGES MUST BE PROVED.

Burden of proof is always on one asserting claim, not only to show his cause of action, but also to give competent testimony as to damages.

2. DAMAGES—EVIDENCE—ALLOWANCE OF DAMAGES ERROR IN ABSENCE OF TESTIMONY AS TO VALUE.

In action on promissory notes by refrigerator company against its salesman, allowance of latter's claim on recoupment for value of bonus stock was error, where there was no competent testimony as to its value, except that of plaintiff's president that said stock was valueless.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted January 20, 1932. (Docket No. 210, Calendar No. 36,294.) Decided April 4, 1932.

Assumpsit by Refrigerating Equipment Company, a Delaware corporation, against W. G. Finch on three promissory notes. Set-off by defendant for value of stock and services. Judgment for defendant. Plaintiff appeals. Reversed.

*J. Earle Brown* (*Kenneth D. Wilkins,* of counsel), for plaintiff.

*Rarden & Rarden,* for defendant.

Butzel, J. Plaintiff Refrigerating Equipment Company, a Delaware corporation, brought suit on three notes amounting with interest to $1,464.35, given to it by defendant W. G. Finch, one of its salesmen. His compensation was $500 per month, and, in addition, he was to receive under a stock bonus agreement 1,000 shares of stock in plaintiff company at the rate of 200 shares on the first day of July of each year of a five-year term. The agreement provided that defendant might be discharged without notice, and thereupon plaintiff would be relieved from all liability to pay any stock bonus on the contract from the previous 1st day of July. On February 10, 1930, plaintiff wrote to defendant stating that it was supplementing a letter of February 8, advising defendant of plaintiff's arrangements with two other companies, and, in accordance with a previous discussion held with defendant, it notified him as follows:

"You hereby agree to discontinue your present working-arrangement with the Refrigerating Equipment Company and to report not later than Monday, February 17th, to Mr. MacDonald of the Grothe Company.

"In the discontinuance of our business connections, the Refrigerating Equipment Company is to

pay you up to February 15th and on our stock agreement you are to receive your proportionate share, which is due in July according to the agreement.

"Yours very truly,
"REFRIGERATING EQUIPMENT COMPANY,
(Signed)   "SEVERN P. KER, JR.,
"President."

Plaintiff claims that it ceased selling refrigerators, and that it changed the character of the business, and that defendant was to look to another company for his compensation. Defendant, on the other hand, contends that he was to continue in plaintiff's employ, and he was directed to assist in some patent litigation to which plaintiff was a party. He claims that, upon the termination of his former contract, he became a consulting engineer, and that he charged $50 a day for his services. He filed a notice of set-off and recoupment, in which he claimed $750 to be due him for 15 days' services in the patent litigation, and also $467.88 for expenses incurred by him. He also claimed the sum of $1,000 for 100 shares of stock in plaintiff company, at $10 per share, which he asserts was due him in accordance with the letter hereinbefore referred to. The trial judge, sitting without a jury, allowed defendant's claim of set-off almost in its entirety. He deducted the sum due on the notes and rendered a judgment in favor of defendant against plaintiff in the sum of $718.75, and costs.

It is claimed on appeal that there was no proof of the value that would justify a valuation of $1,000 for the 100 shares of stock that defendant claims were withheld from him under the bonus agreement, even if it was modified by the letter hereinbefore quoted. Defendant testified that he did not know what the value of the stock was, but had been told

by a former treasurer of the company that it had a value of $10 a share in July, 1930. Plaintiff's president testified that this treasurer had left the employ of the company on February 10, 1930, and therefore was not an employee of the company in July, 1930; that the stock was practically valueless February 10, 1930, and also the following July. The former treasurer was not called as a witness. The testimony as to what he said in July, 1930, had no probative force. There was no competent testimony introduced as to the value of the stock, unless it was that of the president of plaintiff company, who stated that the stock was valueless. The burden of proof is always upon the one asserting a claim not only to show his cause of action, but also to give competent testimony as to damages. This must be done by legal testimony. Without it there may not be a judgment in his favor for an amount not proven. See *Caruso* v. *Weber, ante,* 333. Also, see *Lendberg* v. *Brotherton Iron Mining Co.,* 75 Mich. 84.

Plaintiff for the first time on appeal claims that there was no competent testimony as to the reasonableness of the charges of defendant. It also claims that the court erred in its refusal to permit the introduction of a letter without giving defendant previous notice to produce. We shall not discuss these claims. Even if there is any merit to them, they should not arise on a new trial. The judgment is reversed, with costs to plaintiff, and the case remanded for a new trial.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.