## SUMNER v GENERAL MOTORS CORPORATION

Docket Nos. 156587, 162814, 162894. Submitted February 16, 1995, at
  Lansing. Decided August 18, 1995, at 9:10 A.M.

  Constance M. and James R. Sumner brought a products liability
    action in the Shiawassee Circuit Court against General Motors
    Corporation, alleging that defective welds in an automobile
    manufactured by the defendant and driven by Constance Sum-
    ner caused her to suffer injuries above and beyond what nor-
    mally would have occurred when another motorist struck her
    automobile nearly head-on. The court, Gerald D. Lostracco, J.,
    entered judgment on a jury verdict of no cause of action. The
    plaintiffs appealed, and the defendant cross appealed the
    amount of costs assessed against the plaintiffs.

    The Court of Appeals *held:*

    1. Evidence of two videotaped crash tests offered by the
    defendant was erroneously admitted by the trial court, requir-
    ing reversal of the verdict, vacation of the judgment, and
    remand of the case for retrial. Results obtained in an out-of-
    court experiment are not admissible unless the conditions of
    the experiment are sufficiently similar to those involved in a
    particular case. Here, the crash tests were not used to illustrate
    general principles, but as the basis for the testimony of defense
    experts that the welds played no role in enhancing Constance's
    injuries. The tests had to, but did not, accurately reenact the
    accident in this case.

    2. The trial court did not err in instructing the jury that, in
    automobile crashworthiness cases like this one, the plaintiff
    bears the burden of proving the fact and extent of injuries
    enhanced by the alleged defect in the automobile.

    3. The defendant's issue on cross appeal, the amount of costs
    assessed against the plaintiffs, need not be addressed in light of
    the disposition on appeal.

    Reversed and remanded.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 724; Evidence § 998;
  Products Liability §§ 268, 269, 272, 279.
See ALR Index under Automobiles and Highway Traffic; Experi-
  ments and Tests.

1. EVIDENCE — EXPERIMENTS — ADMISSIBILITY.

    Results obtained in an out-of-court experiment are not admissible unless the conditions of the experiment are sufficiently similar to those involved in a particular case.

2. PRODUCTS LIABILITY — AUTOMOBILES — CRASHWORTHINESS — ENHANCED INJURIES — BURDEN OF PROOF.

    The manufacturer of an automobile whose driver is injured in a collision involving another motorist may be held liable in a negligence action for breach of implied warranty for that portion of damage or injury caused by the defective design of its automobile; the plaintiff in such an action must prove damage or injury over and above that which probably would have occurred as a result of the collision absent the defective design.

*Beltz & Associates* (by *Charles D. Riley*), for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

Amicus Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John E. S. Scott*) (*Herzfeld & Rubin, P.C.*, by *Michael Hoenig*, of Counsel).

Before: MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ.

McDONALD, J. Plaintiffs appeal as of right from a judgment of no cause of action entered on September 4, 1992, in this action to recover for negligent manufacture of an automobile and breach of an implied warranty of fitness. Plaintiffs also appeal and defendant cross appeals from a March 11, 1993, order taxing costs against plaintiffs. We reverse.

Plaintiff Constance Sumner was seriously injured when the vehicle she was driving was hit

nearly head-on by a vehicle operated by Tony Perkins after Perkins' vehicle crossed the center line of the road. Trial testimony suggested Sumner's vehicle, which had been manufactured by defendant, was defective in that some of its welds were ineffective. The testimony further suggested the defective welds caused buckling "that would not have occurred if the welds ha[d] been [intact]." Plaintiffs' experts testified plaintiff's injuries were enhanced above and beyond those she would have received absent the defective welding. The jury found defendant to be negligent, but found the negligence was not "a proximate cause of the enhanced injury to the plaintiff." The jury also found defendant had not breached any implied warranty. The court entered a judgment of no cause of action and an order taxing costs against plaintiffs. On appeal plaintiffs first argue the court improperly permitted the admission of evidence of two videotaped crash tests that did not accurately reenact Sumner's accident. We agree and find admission of the evidence for purposes of demonstrating that weld defects played no role in causing enhancement of plaintiff's injuries constituted error requiring reversal.

Results obtained in an out-of-court experiment are not admissible unless the conditions of the experiment are sufficiently similar to those involved in the particular case. *Przeradski v Rexnord, Inc,* 119 Mich App 500; 326 NW2d 541 (1982), remanded on other grounds 417 Mich 1100.19 (1983). Defendant's claim that the tests here at issue were not conducted in order to simulate Sumner's accident, while frequently repeated in the record, is inconsistent with the testimony of the defense witnesses. The witnesses went beyond use of the tapes to illustrate general physical principles. *Gorelick v Dep't of State*

*Hwys,* 127 Mich App 324; 339 NW2d 635 (1983). Both defense expert witnesses observed that the welds were insignificant in the crash tests and concluded from this information the different weld defects present during the accident were likewise insignificant under the different circumstances surrounding the accident. By testifying the test results could be generalized to the facts of the accident, we believe defendant's experts implicitly suggested the tests had been conducted under conditions similar to those of the accident. The tests were not used to prove generalities, but instead to prove a very important specific factual question: what role the defective welds played in the alleged enhancement of plaintiff's injuries. Because the evidence addressed a major issue in the case and was visually very compelling, we find the error was not harmless. MCR 2.613. Admission of the evidence of the videotaped tests was improper.

Plaintiffs also claim the trial court erred in instructing the jury regarding the issues of proximate cause and apportionment of damages.[1] We disagree.

---

[1] The court gave the following pertinent jury instructions:

When I use the words proximate cause, I mean, first, that there must have been a connection between the conduct of General Motors, which the Plaintiff claims was negligent and the Plaintiff's enhanced injury or injuries. And, second, that the occurrence which is claimed to have produced the enhanced injury was a natural and probable result of such conduct of General Motors.

\* \* \*

[I]f you decide that the only proximate cause of Mrs. Sumner's injuries was the conduct of Tony Perkins, then your verdict should be for the Defendant, General Motors.

\* \* \*

Now with respect to the Plaintiffs' negligence theories, the Plaintiff has the burden of proof on each of the following propositions:

First, that the Defendant was negligent in one or more of the

It is well settled in Michigan that a manufacturer of a defective automobile may be liable for a portion of a plaintiff's injuries in an automobile collision where the automobile itself played no role in causing the collision. *Rutherford v Chrysler Motors Corp*, 60 Mich App 392; 231 NW2d 413 (1975). In *Rutherford*, this Court adopted the position set forth in *Larsen v General Motors Corp*, 391 F2d 495 (CA 8, 1968),[2] recognizing the "crashworthiness" or "second collision" doctrine of products liability.

It is also clear that any such cause of action, being predicated on the theory that the defect,

ways claimed by the Plaintiff, as stated to you in these instructions.

Next, that the Plaintiff, Constance Sumner, was injured and sustained enhanced injuries.

And next, that the negligence of the Defendant was a proximate cause of the enhanced injuries to the Plaintiff. Your verdict will be for the Defendant if the Plaintiff did not suffer enhanced injuries or the Defendant was not negligent, or if negligent, such negligence was not a proximate cause of the enhanced injuries.

\* \* \*

Now we've used the term enhanced injuries, and I want to define that as a general statement. Any manufacturing defect not causing the accident would not subject the manufacturer to liability for the entire damage, but the manufacturer should be liable for that portion of the damage or injury cause[d] by the manufacturing defect over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the manufacturing defect.

Now to establish enhancement of injuries, the Plaintiff must first prove the extent of injuries attributable to the—to what the Plaintiff alleges to be the defect in the car. Specifically, Plaintiff has the burden to prove the amount of injuries which are in excess of those which can reasonably be expected and those which are attributable to the claimed defect. Any injuries not attributable to the claimed defect are not enhanced injuries. Plaintiff also has the burden to separately establish the extent of the injury that she would have sustained had there not been the claimed defect in the car.

[2] See also *Elsasser v American Motors Corp*, 81 Mich App 379; 265 NW2d 339 (1978), and *Lowe v Estate Motors Ltd*, 428 Mich 439; 410 NW2d 706 (1987).

although not the cause of the accident, resulted in the enhancement of the plaintiff's injuries, requires a showing of such enhanced injuries. *Larsen, supra; Lowe, supra.* What appears to be less clear, however, is which party bears the burden of proving the fact and extent of the enhanced injuries. Although logic seems to dictate only one plausible response, that the plaintiffs be required to prove this "element" of their claim, we note the existence of opposing views. See *Huddell v Levin,* 537 F2d 726 (CA 3, 1976), *Caiazzo v Volkswagenwerk A G,* 647 F2d 241 (CA 2, 1981) (the plaintiff has the burden of proving the extent of enhanced injuries attributable to the defective design), and *Richardson v Volkswagenwerk A G,* 552 F Supp 73 (WD Mo, 1982), *Fox v Ford Motor Co,* 575 F2d 774 (CA 10, 1978) (the plaintiff need only show that the defect was a substantial factor in causing the enhanced injury, then the burden shifts to the defendant to apportion the injuries between those resulting from the initial collision and those from the alleged defect; if the injury is indivisible, the manufacturer may be held liable for the entire amount of the plaintiff's injuries).

We find the position set forth in *Caiazzo* and *Huddell* the better-reasoned one. See also Levenstam & Lapp, *Plaintiff's burden of proving enhanced injury in crashworthiness cases: A clash worthy of analysis,* 38 De Paul L R 55 (1989). A manufacturer's liability in crashworthiness cases is limited. As stated by the court in *Larsen, supra* at 503, "the manufacturer should be liable for *that portion* of the damage or injury caused by the defective design *over and above the damage or injury that probably would have occurred* as a result of the impact or collision absent the defective design." (Emphasis added.)

Because the very nature of the plaintiff's claim

in "crashworthiness" or "second injury" actions involves an allegation of enhanced injuries, logic dictates that the plaintiff claiming enhancement must prove the enhanced injuries beyond speculation and conjecture. See, generally, *Skinner v Square D Co,* 445 Mich 153; 516 NW2d 475 (1994) (a prima facie case for products liability requires proof of a causal connection between an established defect and injury . . . the plaintiff bears the burden of proof); *Refrigerating Equipment Co v Finch,* 257 Mich 623; 242 NW 217 (1932) (a plaintiff always bears the burden of proof regarding damages).

In *Caiazzo, supra* at 251, the court concluded:

> We realize that a plaintiff's burden of offering evidence of what injuries would have resulted absent the alleged defect will be heavy in some instances and perhaps impossible in others. Where it is impossible, however, the plaintiff has merely failed to establish his prima facie case, *i.e.,* that it is more probable than not that the alleged defect aggravated or enhanced the injuries resulting from the initial collision. Moreover, in those instances in which the plaintiff cannot offer any evidence as to what would have occurred but for the alleged defect, the plaintiff has not established the fact of enhancement at all.

We agree and adopt this language as our own. The trial court did not err in instructing the jury.

Because the improper introduction of evidence of the crash tests requires vacation of the judgment and retrial, we need not address the parties' claims regarding the award of costs.

Reversed and remanded. We do not retain jurisdiction.