619 N.W.2d 535 (2000)
Blossom J. HAZLE, Plaintiff-Appellee,
v.
FORD MOTOR COMPANY and the Ford-UAW Retirement Board of Administration, Defendants-Appellants.
No. 116162, COA No. 204496.
Supreme Court of Michigan.
December 6, 2000.
On order of the Court, the application for leave to appeal is considered, and it is GRANTED. The parties are directed to address among the issues to be briefed whether a reasonable factfinder could conclude that plaintiff suffered an adverse employment action "under circumstances that give rise to an inference of unlawful discrimination." See Lytle v. Malady (On Rehearing), 458 Mich. 153, 172-173, 579 N.W.2d 906 (1998); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Teamsters v. United States, 431 U.S. 324, 357, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Specifically, the parties should address whether the fourth element of the prima facie case requires evidence of something more than the mere rejection of a qualified minority candidate in favor of a qualified nonminority candidate. Cf. Lytle, supra at 177, 579 N.W.2d 906. Interested persons or groups are invited to file briefs amicus curiae.
*536 MARILYN J. KELLY, J., concurs and states as follows:
I join the majority's decision to grant leave in this case, but object to the inclusion of the issue the Court has added. The evidence must be viewed in the light most favorable to plaintiff, being that we are reviewing a ruling on defendant's motion for summary disposition. Lytle v. Malady (On Rehearing), 458 Mich. 153, 176-177, 579 N.W.2d 906 (1998). Plaintiff presented evidence that she was a qualified minority candidate and that defendant hired a nonminority candidate who was not qualified. Hence, the facts of the case in its current posture cannot be taken to involve a qualified minority candidate rejected in favor of a qualified nonminority candidate. Whether plaintiff needed to present more evidence on the fourth element of the prima facie case if both candidates were qualified is irrelevant. It reaches out for an issue neither raised by the parties nor needed for a complete judication of this appeal.
MICHAEL F. CAVANAGH, J., joins in the statement of MARILYN J. KELLY, J.