SUMNER v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 211094. Submitted January 24, 2001, at Lansing. Decided May 8, 2001, at 9:15 A.M.

Constance M. and James R. Sumner brought an action in the Shiawassee Circuit Court against General Motors Corporation, alleging that negligent manufacture in the form of defective welds in an automobile made by the defendant and driven by Constance Sumner aggravated her injuries in a collision with another automobile. Following a jury trial at which the defendant introduced demonstrative evidence consisting of two videotaped crash tests that were not reenactments of Constance Sumner's accident in an effort to show that the alleged weld defects did not aggravate her injuries, the court, Gerald D. Lostracco, J., consistent with the jury's verdict, entered a judgment of no cause of action. On appeal by the plaintiffs, the Court of Appeals, MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ., reversed and remanded for a new trial, holding that results obtained in an out-of-court experiment are not admissible unless the conditions of the experiment are sufficiently similar to those involved in a particular case, and that the videotaped crash tests should not have been admitted because the conditions of those tests were not sufficiently similar to those of Constance Sumner's accident. *Sumner v General Motors Corp*, 212 Mich App 694 (1995) (*Sumner I*).

Before a new trial could begin on remand, a different panel of the Court of Appeals, WHITE, P.J., and BANDSTRA and W. P. CYNAR, JJ., in *Lopez v General Motors Corp*, 219 Mich App 801 (1996) (*Lopez I*), reversed a judgment of no cause of action entered on a jury verdict in an action in which the plaintiff alleged enhanced injuries from a defective automobile seat belt and the defendant introduced demonstrative evidence consisting of crash tests. In *Lopez I*, Judges BANDSTRA and CYNAR disagreed with the precedent set by *Sumner I* and followed it only because they were required to do so by Administrative Order No. 1996-4, now MCR 7.215(I). The Court of Appeals vacated the opinions in *Lopez I* and convened a special panel to resolve the conflict that would have been created between *Lopez I* and *Sumner I* were it not for AO 1996-4. The special panel, HOLBROOK, JR., P.J., and MacKENZIE, GRIBBS, FITZGERALD, HOEKSTRA,

MARKMAN, and YOUNG, JJ., overruled *Sumner I,* holding that demonstrative evidence is admissible if it bears substantial similarity to an issue of fact at trial, even if the evidence does not faithfully replicate an actual event. *Lopez v General Motors Corp,* 224 Mich App 618 (1997) (*Lopez II*).

After the decision in *Lopez II,* the defendant in this case moved in the trial court for summary disposition pursuant to MCR 2.116(C)(10), arguing that the original judgment of no cause of action should be reinstated because *Sumner I,* having been overruled by *Lopez II,* was no longer binding on the trial court. The trial court granted the motion, and the Court of Appeals, DOCTOROFF, P.J., and O'CONNELL and WILDER, JJ., affirmed in an unpublished opinion per curiam, issued December 21, 1999 (Docket No. 210094) (*Sumner II*). The Court of Appeals rejected the plaintiffs' argument that *Sumner I* constituted law of the case and that a new trial, at which the defendant's demonstrative evidence would be excluded notwithstanding *Lopez II,* was required. The Supreme Court, in lieu of granting the plaintiffs' application for leave to appeal, vacated the Court of Appeals decision in *Sumner II* and remanded the case to the Court of Appeals for reconsideration, directing the Court of Appeals to consider the extent to which the trial court relied on the vacated jury verdict in granting summary disposition and whether that reliance was proper under MCR 2.116(C)(10). 463 Mich 929 (2000).

On remand, the Court of Appeals *held:*

The trial court relied on the jury verdict in granting the defendant's motion for summary disposition. Such reliance was not proper.

The Court of Appeals judgment in *Sumner I* became effective when the time for filing an application for leave to appeal to the Supreme Court expired. MCR 7.215(F)(1)(a). Although the intervening change in law occasioned by *Lopez II* removed the need for the trial court to adhere to the evidentiary ruling set forth in *Sumner I,* that intervening change in law does not provide a basis for avoiding the Court of Appeals judgment in *Sumner I,* which requires a new trial. The defendant chose neither to appeal from the Court of Appeals judgment in *Sumner I* nor to file a timely motion for a rehearing. Having failed to pursue the appropriate avenues for obtaining relief from that judgment, the defendant may not avoid its effect by obtaining an order of summary disposition in the trial court.

Reversed and remanded for a new trial.

COURTS — COURT OF APPEALS — CONFLICT PANELS.

A special panel of the Court of Appeals convened for the purpose of resolving the conflict that would have been created between a decision of a regular panel of the Court and a prior published decision of the Court issued on or after November 1, 1990, were it not for Administrative Order No. 1996-4, now MCR 7.215(I)—which requires regular panels of the Court to follow such prior published decisions—can vacate only the opinion or portion of opinion that declared the conflict; while the decision of the special panel can overrule the rule of law established in the prior published decision, it cannot reverse the Court of Appeals judgment constituted by the prior published decision.

*Beltz & Kiley* (by *Charles D. Riley*), for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Marilyn S. Nickell Tyree*), for the defendant.

ON REMAND

Before: DOCTOROFF, P.J., and O'CONNELL and WILDER, JJ.

O'CONNELL, J. This case is before us on remand from the Supreme Court for reconsideration of our previous decision affirming the trial court's grant of summary disposition in favor of defendant under MCR 2.116(C)(10). On reconsideration, we reverse and remand for a new trial.

I. BACKGROUND

The procedural history of this case is unusual. Plaintiffs brought an action against defendant in 1989, alleging that plaintiff Constance Sumner's injuries from an automobile collision were aggravated as the result of defendant's negligent manufacture of her automobile. Specifically, plaintiffs claimed that some

of the automobile's welds were defective and caused unnecessary buckling of the automobile during the collision. Defendant introduced demonstrative evidence to show that weld defects did not aggravate plaintiff Constance Sumner's injuries. This demonstrative evidence consisted of two videotaped crash tests that were not reenactments of the actual collision. After the jury found that defendant's negligence did not proximately cause any aggravation of plaintiff Constance Sumner's injuries, the trial court entered a judgment of no cause of action. Plaintiffs appealed as of right.

This Court reversed, concluding that the demonstrative evidence was inadmissible because the conditions of the crash tests were not sufficiently similar to those of the actual collision. *Sumner v General Motors Corp*, 212 Mich App 694, 696-697; 538 NW2d 112 (1995) (*Sumner I*). This Court vacated the judgment entered on the jury's verdict and remanded for a new trial. *Id.* at 700. However, after the case was remanded but before a new trial began, a different panel of this Court issued *Lopez v General Motors Corp*, 219 Mich App 801 (1996) (*Lopez I*). In *Lopez I*, the defendant introduced demonstrative evidence of crash tests to defend a claim of negligent manufacture relating to an automobile's safety restraint system, and the jury found in favor of the defendant. The panel followed *Sumner I* and reversed the judgment entered on the jury verdict, but declared a conflict with *Sumner I*. This Court then convened a special panel to resolve the conflict, pursuant to Administrative Order No. 1996-4 (now MCR 7.215[I]).[1]

---

[1] MCR 7.215 was amended effective April 1, 2001, to repeal and replace certain language. In the process, former subsections (D) through (H) were

The conflict panel overruled *Sumner I* with regard to the evidentiary issue, holding that demonstrative evidence is admissible if it bears substantial similarity to a factual issue at trial, even if the evidence does not faithfully replicate an actual event. *Lopez v General Motors Corp*, 224 Mich App 618, 627-628; 569 NW2d 861 (1997) (*Lopez II*). Evidence must faithfully replicate an event only where the evidence is offered as a reenactment of the actual event. *Id*. The conflict panel sharply criticized the *Sumner I* decision, noting that its evidentiary ruling lacked both authority and logic. *Id*. at 632.

Meanwhile, a new trial had not yet been held on remand from *Sumner I*. The parties and the trial court were thus faced with the directive from *Sumner I* to hold a new trial without the crash-test evidence, while recognizing that the legal basis for requiring that new trial was overruled in *Lopez II*. Specifically, the reversal in *Sumner I* stemmed from this Court's holding that it was error to admit defendant's demonstrative evidence of crash tests that were not accident reenactments, but under *Lopez II*, defendant's demonstrative evidence was admissible.[2] Defendant, unhappy at the prospect of a new trial in which all the same evidence would be presented as in the first trial, filed a motion for rehearing of *Sumner I*, which this Court rejected because it was untimely. Defendant then moved in the trial court for summary

redesignated as subsections (E) through (I) but were otherwise unchanged. See 463 Mich lxii-lxiv.

[2] To be precise, *Lopez II* did not specifically address the admissibility of the evidence in the instant case. Therefore, it is conceivable that, even under the standard set forth in *Lopez II*, defendant's demonstrative evidence would be considered inadmissible. However, as noted below, the trial court expressly held that defendant's demonstrative evidence was admissible under *Lopez II*.

disposition pursuant to MCR 2.116(C)(10), arguing that *Sumner I*, being overruled by *Lopez II*, was no longer binding on the trial court and that the original judgment of no cause of action should therefore be reinstated.

The trial court granted the motion, and we affirmed. *Sumner v General Motors Corp*, unpublished opinion per curiam of the Court of Appeals, issued December 21, 1999 (Docket No. 211094) (*Sumner II*). Plaintiffs' sole argument on appeal was that *Sumner I* constituted the law of the case and that a new trial was required, in which, despite the rule of law from *Lopez II*, defendant's demonstrative evidence would be excluded. We rejected plaintiffs' argument because the law of the case doctrine does not apply where there has been an intervening change of law. See *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 38; 536 NW2d 815 (1995). Because plaintiffs' sole argument on appeal failed, we affirmed. Plaintiffs failed to argue that the trial court nonetheless erred in granting defendant's motion for summary disposition. Although this Court may reach issues beyond those raised on appeal where justice requires doing so, *Frericks v Highland Twp*, 228 Mich App 575, 586; 579 NW2d 441 (1998), justice did not require allowing plaintiffs to have a "second bite at the apple" by conducting a new trial (as required by *Sumner I*) with the same evidence as that presented in the first trial (as required by *Lopez II*).

The Supreme Court, in lieu of granting plaintiffs' application for leave to appeal, vacated our decision in *Sumner II* and remanded the case to us for reconsideration. 463 Mich 929 (2000). The Court directed as follows:

> The conflict panel of the Court of Appeals, in [*Lopez II*], overruled a rule of law on which the Court relied in [*Sumner I*]. However, *Lopez* did not, and could not, *reverse* the *Sumner* Court's decision to vacate the jury verdict. On remand, the Court of Appeals shall consider the extent to which the trial court relied on that vacated jury verdict in granting summary disposition, and whether that reliance was proper under the appropriate standard. MCR 2.116(C)(10).

We conclude that the trial court inappropriately relied on the previous jury verdict in granting defendant's motion for summary disposition. Therefore, we reverse and remand for a new trial.

### II. STANDARD OF REVIEW

We review the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) de novo to determine whether defendant, as the moving party, was entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate only where, viewing all documentary evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists. *Id.* at 119-120. In this case, the trial court held that, under *Lopez II*, defendant's demonstrative evidence was admissible, because it was not offered as a reenactment of the actual collision. The trial court therefore held that no genuine issue of material fact existed and that defendant was entitled to summary disposition.

### III. THE TRIAL COURT'S RELIANCE ON THE JURY VERDICT

The Supreme Court has directed us to determine whether the trial court relied on the previous jury ver-

dict in granting defendant's motion for summary disposition. Defendant concedes that the trial court did rely on the previous jury verdict. Indeed, in support of the motion, defendant argued that the original verdict constituted res judicata and must be reinstated.[3] When granting summary disposition, the trial court noted that defendant's crash-test evidence was admissible and that, therefore, no genuine issue of material fact remained. The only way for no factual issue to exist was for the trial court to accept the jury's previous resolution of the factual issue of the case— whether defendant's negligent manufacture proximately caused any aggravation of plaintiff Constance Sumner's injuries. Thus, by concluding that no genuine issue of material fact existed, the trial court clearly relied on the previous jury verdict.

The Supreme Court has directed us to also determine whether it was appropriate for the trial court to rely on the previous verdict. This requires us to examine the legal effect of the conflict panel's decision in *Lopez II* on this Court's previous decision in *Sumner I*. We therefore turn to the applicable court rules.

### IV. THE LEGAL EFFECT OF INVOKING THE CONFLICT RULE[4]

When interpreting court rules, we apply the same standards that govern statutory interpretation. *Hop-*

---

[3] To the extent that the trial court relied on the doctrine of res judicata, the trial court erred. That doctrine does not apply within a single action. *Harvey v Harvey*, 237 Mich App 432, 437; 603 NW2d 302 (1999).

[4] Although *Lopez II* was issued under Administrative Order 1996-4, see 451 Mich xciii, our analysis will rely on the current version of the conflict rule, found at MCR 7.215(I). Administrative Order 1996-4 simply continued the operation of Administrative Order 1994-4, see 445 Mich xci, the terms of which are substantially the same as the current court rule.

*kins v Parole Bd*, 237 Mich App 629, 640; 604 NW2d 686 (1999). Thus, our primary goal is to determine and effectuate the intent behind the rule. *Id.* Where the plain meaning of the text is unambiguous, no judicial construction is permitted. *Mahrle v Danke*, 216 Mich App 343, 348; 549 NW2d 56 (1996).

An opinion of this Court disposing of a case constitutes this Court's judgment. MCR 7.215(E)(1). Unless this Court orders otherwise, its judgment in a given case "is effective after the expiration of the time for filing a timely application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court." MCR 7.215(F)(1)(a). In this case, defendant never filed an application in the Supreme Court for leave to appeal this Court's judgment in *Sumner I*, which was issued on August 18, 1995. Therefore, this Court's judgment was effective twenty-one days later, when the time limit for filing the application expired. MCR 7.302(C)(2)(b). Moreover, the rule of law established by *Sumner I* was binding precedent under MCR 7.215(I)(1), which provides as follows:

> A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.

Thus, pursuant to this Court's judgment in *Sumner I*, the trial court was required to conduct a new trial, in which defendant's demonstrative evidence was excluded. A ruling by this Court binds the trial court on remand, pursuant to the law of the case doctrine. See *Driver v Hanley (After Remand)*, 226 Mich

App 558, 565; 575 NW2d 31 (1997). Under that doctrine, the trial court "may not take any action on remand that is inconsistent with the judgment of the appellate court." *Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132, 135; 580 NW2d 475 (1998). The doctrine applies regardless of the correctness of the appellate court's decision. *Id.*

However, the law of the case doctrine does not apply where there has been an intervening change of law. *Freeman, supra* at 38. In this case, an intervening change of law occurred. More than one year after *Sumner I*, the *Lopez I* panel declared a conflict with *Sumner I*, and this Court convened a conflict panel. See MCR 7.215(I)(2) and (3). When the conflict panel was convened, *Lopez I* was vacated. 219 Mich App 801. See also MCR 7.215(I)(5). Almost another year later, the conflict panel overruled the rule of law established by *Sumner I*. See *Lopez II, supra* at 621. Therefore, according to MCR 7.215(I)(1), *Sumner I* no longer constitutes binding· precedent. In the instant case, the trial court need not apply the rule of law established by *Sumner I*, because it is not binding under MCR 7.215(I)(1) and it does not constitute the law of the case, in light of the intervening change of law.

However, the intervening change of law did not nullify this Court's judgment in *Sumner I*. The conflict panel was authorized to review only the legal conflict between *Sumner I* and *Lopez I*; it was not authorized to actually reverse the judgment rendered in *Sumner I*. When a conflict panel is convened, the only opinion vacated is the opinion that declared the conflict. MCR 7.215(I)(5). Therefore, only *Lopez I* was vacated; *Sumner I* was not. MCR 7.215(H)(5) formerly pro-

vided that "[a]n order directing the convening of a special panel must vacate the prior opinion in the case at bar."[5] This limitation on the conflict panel's authority was more clearly set forth in the 1999 amendment of MCR 7.215(H)(5).[6] The amended subrule, now MCR 7.215(I)(5), provides in pertinent part as follows:

> An order directing the convening of a special panel must vacate only that portion of the prior opinion in the case at bar addressing the particular question that would have been decided differently but for the provisions of subrule (1). The special panel shall limit its review to resolving the conflict that would have been created but for the provisions of subrule (1) *and applying its decision to the case at bar*. [Emphasis added.]

The plain meaning of MCR 7.215(H)(5), both the original and the amended versions, is that the conflict panel's authority extends to adjudicating only the case at bar, although it may resolve the legal disagreement between that case and the one in conflict with it. Thus, notwithstanding the decision in *Lopez II*, this Court's judgment rendered in *Sumner I* remains effective under MCR 7.215(F)(1)(a). Although the rule of law from *Sumner I* no longer constitutes the law of the case, and the rule of law from *Lopez II* is binding authority under MCR 7.215(I)(6), the actual judgment from *Sumner I* vacating the trial court's judgment entered in favor of defendant and remanding for a new trial still stands.

Our Supreme Court's directions to us on remand clearly specify that the conflict panel in *Lopez II* was

---

[5] See also Administrative Order 1994-4. 445 Mich xcii.

[6] See 459 Mich ccviii.

authorized only to *overrule* the rule of law established by *Sumner I*; it was not authorized to *reverse* the decision of *Sumner I* vacating the judgment entered in favor of defendant. 463 Mich 929.[7] As our Supreme Court aptly pointed out, an important difference exists between overruling a case and reversing a case. Black's Law Dictionary (6th ed), p 1319 defines "reverse" as follows:

> To overthrow, vacate, set aside, make void, annul, repeal, or revoke; as, to reverse a judgment, sentence or decree of a lower court by an appellate court, or to change to the contrary or to a former condition. To reverse a judgment means to overthrow it by contrary decision, make it void, undo or annul it for error. [Citations omitted.]

In contrast, "overrule" is defined, in pertinent part, as follows:

> To supersede; annul; reverse; make void; reject by subsequent action or decision. *A judicial decision is said to be overruled when a later decision, rendered by the same court or by a superior court in the same system, expresses a judgment upon the same question of law directly opposite to that which was before given, thereby depriving the earlier opinion of all authority as a precedent.* [Black's Law Dictionary (6th ed), p 1104 (emphasis added).][8]

---

[7] Although the Supreme Court characterized this Court's decision in *Sumner I* as vacating the *jury verdict*, a more precise reading of *Sumner I* indicates that this Court vacated the *judgment* that was entered on that jury verdict. See *Sumner I, supra* at 700. Nonetheless, this Court's decision was predicated on a finding of evidentiary error that tainted the verdict, so it is appropriate to consider the jury verdict as having been vacated along with the judgment.

[8] We disapprove of the first sentence of this definition, which fails to adequately express the distinction between "overrule" and "reverse"; indeed, it defines "overrule" as including to "reverse." Nonetheless, the emphasized sentence adequately expresses an appropriate definition of the term "overrule." Regrettably, the latest edition of Black's Law Dictionary erodes the distinction between the two terms. It defines "overrule" as

Stated differently, "overrule" is a term that "denotes what a superior court does to a precedent that it expressly decides should no longer be controlling law," whereas "reverse" is a narrower term that "describes an appellate court's change to the opposite result from that by the lower court in a given case." *A Dictionary of Modern Legal Usage* (2d ed), p 632. Thus, to reverse is to change the result in the case at bar; to overrule is to declare that a rule of law no longer has precedential value. An appellate court must take care to recognize the distinction between the two actions. See, e.g., *People v Collins*, 438 Mich 8, 11; 475 NW2d 684 (1991) (Supreme Court overruling a rule of law from a previous Supreme Court case and reversing the decision of the Court of Appeals that was before the Supreme Court for review).

In the instant case, then, *Lopez II* overruled the rule of law from *Sumner I*, but did not and could not actually reverse *Sumner I*. Thus, the trial court's judgment entered on the jury verdict remains vacated. The trial court's grant of summary disposition was simply an attempt to revive the original jury verdict. Although we are sympathetic to the trial court's concerns, we conclude that this was improper.

### V. POLICY CONCERNS

Simply stated, the result mandated by the court rules in this case is a new trial (as required by *Sumner I*), in which defendant's crash-test demonstrative

---

"to overturn or set aside" and defines "reversal" as "[a]n appellate court's overturning of a lower court's decision." Black's Law Dictionary (7th ed), pp 1129, 1320. Worse yet, the dictionary completes the circle by defining "overturn" as "[t]o overrule or reverse." *Id.*, p 1130.

evidence will again be admitted (as the trial court held that *Lopez II* required). We share defendant's view that this result runs contrary to important public policy favoring judicial economy. A new trial in this case will allow plaintiffs "a second bite at the apple," so to speak. However, the policy favoring judicial economy, though strong, see *Hanley v Mazda Motor Corp*, 239 Mich App 596, 602; 609 NW2d 203 (2000), is not absolute. Indeed, according to MCR 1.105, the court rules "are to be construed to secure the just, speedy, and economical determination of every action . . . ." The goal of securing a just determination does not always coincide with the goal of securing a speedy determination. Judicial economy does not overwhelm all other concerns. In this case, there are counterbalancing policy concerns at issue, such as adhering to the rules of procedure and preserving the finality of this Court's judgments. See *Cox v Flint Bd of Hosp Managers (On Remand)*, 243 Mich App 72, 93; 620 NW2d 859 (2000) (emphasizing the importance of preserving the finality of this Court's judgments).

Moreover, we are not empowered to grant relief from this Court's previous judgment in *Sumner I*. A trial court does have the power to grant relief from judgment where "a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application." MCR 2.612(C)(1)(e). However, the trial court's power is limited to granting relief from *its own* judgment; it cannot grant relief from a judgment of this Court. This Court has not been expressly granted the same power to grant relief from its judgment. Although MCR 7.216(A)(7) pro-

vides that this Court may "enter any judgment or order or grant further or different relief as the case may require," we decline to use this rule to incorporate MCR 2.612(C)(1)(e) into the rules of appellate procedure. In any event, we would not be inclined to grant relief from the judgment in *Sumner I*. An intervening change in law is not an appropriate basis for granting relief from a judgment; indeed, if it were, "it is not clear why all judgments rendered on the basis of a particular interpretation of law should not be reopened when the interpretation is substantially changed." 2 Restatement Judgments, 2d, § 73, illustration 4, p 200.[9]

Thus, while requiring a new trial in this case does seem unsatisfactory at first blush, we would open a Pandora's box if we allowed a party to avoid a judgment of this Court by arguing in the trial court that the legal basis for that judgment had been eviscerated.[10] For example, if this Court had initially affirmed the jury verdict and in a later case declared that the legal basis for the affirmance was incorrect, plaintiffs would surely not be successful in an attempt to persuade the trial court to vacate the verdict and hold a new trial. Additionally, one could easily imagine a scenario in which this Court, in an

---

[9] MCR 2.612(C)(1) is comparable to FR Civ P 60(b), which has generally been applied by the federal courts as not providing relief from judgment on the basis of a change of law. See, generally, anno: *Construction and application of rule 60(b)(6) of federal rules of civil procedure authorizing relief from final judgment or order for "any other reason,"* 15 ALR Fed 193, § 17, pp 265-268.

[10] Although we did initially affirm the decision of the trial court, we reiterate that our basis for doing so was that plaintiffs' sole argument on appeal failed. As the appellants, plaintiffs bore the burden of demonstrating the trial court's error, and plaintiffs failed to raise the issue that our Supreme Court directs us to now address.

unpublished opinion, reversed and remanded for a new trial, and a later published opinion of this Court in a separate case rendered the legal basis for the first opinion questionable. It would be an untenable situation for the trial court to determine whether this Court's judgment in the first case remained effective in light of later developments in the law. Although the particular facts of this case may lead to a counterintuitive result, we nonetheless resist the temptation to use bad facts to make bad law. See *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 722; 624 NW2d 443 (2000).

## VI. CONCLUSION

This Court's judgment in *Sumner I* became effective when the time for filing an application for leave to appeal to the Supreme Court expired. MCR 7.215(F)(1)(a). Although an intervening change in law removed the need for the trial court to adhere to the evidentiary ruling set forth in *Sumner I*, that intervening change in law does not provide a basis for avoiding this Court's judgment. *Sumner I* has never been reversed or vacated. Its judgment still stands. Thus, a new trial is required, although the trial court must apply current law regarding all evidentiary matters, including the admissibility of defendant's demonstrative evidence. Although we are sympathetic to concerns of judicial economy, we must also adhere to the court rules and preserve the finality of this Court's judgments. Defendant chose neither to appeal from this Court's judgment in *Sumner I* nor to file a timely motion for rehearing. Having failed to pursue the appropriate avenues for obtaining relief from that judgment, defendant may not avoid its effect by

obtaining an order of summary disposition in the trial court.

Reversed and remanded for a new trial. We do not retain jurisdiction.