# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 8, 2010

138724 & (30)

ERIC KORPAL and MARY KORPAL,
            Plaintiffs-Appellants,

v

SAMUEL J. SHAHEEN, M.D. and
MIDWESTERN SURGICAL ASSOCIATES,
P.C.,
            Defendants,

and

STEPHEN A. MESSANA, D.O., SCOTT
CHENEY, M.D., ADVANCED DIAGNOSTIC
IMAGING, P.C., and COVENANT
HEALTHCARE,
            Defendants-Appellees.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138724
COA: 290077
Saginaw CC: 03-049832-NH

By order of June 18, 2009, this Court granted immediate consideration and ordered a stay of trial court proceedings. On order of the Court, the application for leave to appeal the March 12, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and the orders of the Saginaw Circuit Court granting the defendants' motions for summary disposition in part, and we REMAND this case to the Saginaw Circuit Court for reconsideration of the defendants' motions in light of this Court's decisions in *Bush v Shabahang*, 484 Mich 156 (2009), and *Potter* v *McLeary*, 484 Mich 397 (2009). The stay of trial court proceedings is DISSOLVED. The motion for leave to file supplemental authority is GRANTED.

CORRIGAN, J. (*dissenting*).

I dissent from the order vacating the Court of Appeals judgment and remanding this medical malpractice case to the trial court. Plaintiffs' application for leave to appeal is an illegitimate second request for reconsideration contrary to both the law of the case doctrine and our rules of appellate procedure. Accordingly, I would deny plaintiffs' application.

During January 2002, defendants allegedly failed to timely diagnose and treat an intestinal leak that resulted from post-operative complications. About one year later, on January 9, 2003, plaintiffs' counsel sent a notice of intent to file suit to each defendant. On September 25, 2003, plaintiffs filed their complaint, which included certain allegations about chest x-rays. Because neither the notice of intent nor the affidavit of merit contained any allegations regarding defendants' interpretation or handling of chest x-rays, defendants filed related motions for partial summary disposition concerning these claims. The trial court subsequently denied those motions.

On leave granted to defendants, the Court of Appeals reversed the trial court and remanded for entry of an order granting partial summary disposition in favor of defendants.[1] Plaintiffs' application for leave to appeal in this Court was denied.[2] Chief Justice Kelly, Justice Cavanagh, and Justice Weaver were shown as favoring reversing "the portion of the judgment of the Court of Appeals that dismissed the plaintiffs' additional claims regarding the chest x-rays with prejudice, because the dismissal should have been _without_ prejudice."[3] The Court later denied plaintiffs' motion for reconsideration. Chief Justice Kelly, Justice Cavanagh, and Justice Weaver would have granted the motion.[4]

Soon thereafter, the case returned to the trial court. The trial court granted defendants' motions for partial summary disposition and dismissed all claims concerning defendants' interpretation or handling of chest x-rays _with_ prejudice.[5] Plaintiffs then unsuccessfully sought leave to appeal in the Court of Appeals.[6] Before trial could begin as scheduled on July 21, 2009, more than seven years after the alleged malpractice occurred, plaintiffs' counsel again applied for leave to appeal in this Court. Plaintiffs raised the identical issues that the Court of Appeals had previously resolved regarding whether the dismissal of plaintiffs' claims related to the chest x-rays should be with or

---

[1] _Korpal v Shaheen_, unpublished opinion per curiam of the Court of Appeals, issued December 28, 2006 (Docket No. 266418).

[2] 480 Mich 1193 (2008).

[3] _Id_ (emphasis in original).

[4] 482 Mich 898 (2008).

[5] _Korpal v Shaheen_, unpublished opinion and order of the Saginaw Circuit Court, issued January 7, 2009 (Docket No. 03-049832-NH-2).

[6] _Korpal v Shaheen_, unpublished order of the Court of Appeals, entered March 12, 2009 (Docket No. 290077).

without prejudice.  This Court stayed the trial court proceedings pending consideration of the application.[7]

As an initial matter, the trial court did not err in dismissing all claims concerning defendants' interpretation of chest x-rays <u>with</u> prejudice, and the Court of Appeals did not err in subsequently denying plaintiff's application for leave.  Instead, both courts acted in accordance with the law of the case doctrine.  "Under the law of the case doctrine, 'if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.'"[8]  Under identical facts, the Court of Appeals analyzed the precise legal question raised in plaintiffs' current application.  The Court concluded that dismissal of all chest x-ray claims were to be with prejudice and remanded for further proceedings.  Because the Court of Appeals already had resolved this exact issue under identical facts in 2006, the trial court was bound by that decision.[9]  Similarly, the Court of Appeals panel assigned to review plaintiff's application for leave to appeal after the trial court entered the orders on remand was also bound by the prior decision of the Court of Appeals under the law of the case doctrine.[10]

Assuming *arguendo* that the Court of Appeals erred in concluding that dismissal of all plaintiffs' claims related to the chest x-rays was to be with prejudice, the error would not negate the application of the law of the case doctrine.  "[T]he law of the case doctrine applies without regard to the correctness of the prior determination, so that a conclusion that a prior appellate decision was erroneous is not sufficient in itself to justify ignoring the law of the case doctrine."[11]  Here there has been no subsequent change in the law or material change in the underlying facts which would justify failing to apply the law of the case doctrine.  Instead, plaintiffs' counsel apparently relies on a change in the composition of the Court as a viable basis for relitigating the same legal issue with the hopes of receiving a more favorable result.  By its order vacating the Court of Appeals

---

[7] *Korpal v Shaheen*, order of the Supreme Court, entered June 18, 2009 (Docket No. 138724).

[8] *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260 (2000), quoting *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454 (1981).

[9] See *Grievance Administrator, supra* at 260 ("[A]s a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals."); see also *Sumner v General Motors Co*rp, 245 Mich App 653, 662 (2001) ("[T]he trial court 'may not take any action on remand that is inconsistent with the judgment of the appellate court.'").

[10] *Higgins Lake Property Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 91 (2003).

[11] *Grace v Grace*, 253 Mich App 357, 363 (2002).

and remanding this case to the trial court, the Court rewards this regrettable display of gamesmanship by plaintiffs' counsel. In contrast, both the trial court and the second Court of Appeals panel correctly applied the law of the case doctrine, which "exists primarily to 'maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'"[12]

Additionally, plaintiffs' application ignores our well-established rules of appellate procedure. Under MCR 7.313(E), "[t]o move for reconsideration of a Court order, a party must file the items required … within 21 days after the date of certification of the order. The clerk shall refuse to accept for filing any motion for reconsideration of an order denying a motion for reconsideration."[13] Essentially, plaintiffs' counsel has filed an untimely second request for reconsideration because plaintiffs' current application attempts to relitigate the same issues previously analyzed and resolved in defendants' favor by the Court of Appeals. Indeed, plaintiffs' current application sets forth identical issues concerning which this Court has already denied leave to appeal and reconsideration in the first instance. Insofar as plaintiffs' counsel filed this application with the expectation that plaintiffs could reap the benefits of subsequent changes in the law, I strongly protest such acts of appellate gamesmanship. This Court wrongly rewards plaintiffs' efforts to circumvent our rules of appellate procedure.

Because the order vacating the Court of Appeals judgment and remanding this case to the trial court flouts the law of the case doctrine and our rules of appellate procedure, I would deny plaintiffs' application for leave to appeal.

---

[12] *Locricchio v Evening News Ass'n*, 438 Mich 84, 109 (1991), quoting 18 Wright, Miller & Cooper, Federal Practice & Procedure, § 4478, p. 788.

[13] Subchapter 7.200 of the Michigan Court Rules of 1985 includes an analogous provision governing motions for reconsideration filed in the Court of Appeals. See MCR 7.215(I)(3) ("The clerk will not accept for filing a motion for reconsideration of an order denying a motion for reconsideration.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 8, 2010

_____
Clerk

d0105