*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSZETTA MARIE MCNEILL,

      Plaintiff-Appellant,

v

WAYNE COUNTY and WAYNE COUNTY THIRD
CIRCUIT COURT,

      Defendants-Appellees.

UNPUBLISHED
October 19, 2023

No. 364698
Wayne Circuit Court
LC No. 22-012259-CZ

Before: MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, proceeding *in propria persona*, appeals by right the trial court's order dismissing the case. We affirm.

## I. FACTS

Plaintiff's case caps seventeen years of repeated filings against Wayne County and its associated governmental subdivisions and employees, filed both in state and federal court. Her initial claims were based on alleged negligence in the course of her employment at Wayne County's juvenile detention facility, that she argued had caused her injuries in 2003. In 2008, the Wayne Circuit Court permanently enjoined plaintiff from filing any civil lawsuits "in this court or any other court" against the county, its departments, divisions, elected officials, representatives, agents, and employees, unless she posted a $15,000 surety bond with the court clerk "to secure Plaintiff's liability for costs, sanctions, or attorney fees awarded against her in that action." The order further provided that "Plaintiff's failure to comply with the terms of the Court's injunction shall be grounds to dismiss any complaint filed in this court with prejudice and may subject

-1-

Plaintiff to contempt proceedings." Plaintiff's appeals of this injunction were unsuccessful in this Court as well as the Michigan Supreme Court.[1]

On March 28, 2022, plaintiff filed this action in Oakland County, claiming that the prior res judicata rulings had been based upon fraud by the defendants concerning whether Wayne County had actually been a prior defendant to which res judicata could be applied. Plaintiff was granted a waiver of filing fees. On October 5, 2022, the Oakland Circuit Court determined that venue was improper in Oakland County but proper in Wayne County, and transferred the matter accordingly. The October 13, 2022 transfer notice indicated that filing fees would be paid to Wayne County, failing to acknowledge the fee waiver that had already been granted. On October 14, 2022, the Wayne County Clerk's Office addressed a letter to plaintiff, stating that payment of a filing fee of $235.00, and of a bond payment of $15,000, were due by November 11, 2022. This letter was sent to an address plaintiff had not been living at for more than six years. On January 13, 2023, defendants filed the 2008 injunction as a document in the case, the only filing that had occurred since the case had been transferred. On January 19, 2023, the case was dismissed for failure "to timely pay the applicable statutory filing fee." This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

"This Court reviews a trial court's decision to dismiss an action under an abuse of discretion standard." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "Dismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506. "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. "Our legal system favors disposition of litigation on the merits." *Id*. at 507.

> This Court has summarized some of the factors that a court should consider before imposing the sanction of dismissal: (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*.]

"When interpreting court rules, we apply the same standards that govern statutory interpretation." *Sumner v Gen Motors Corp*, 245 Mich App 653, 660-661; 633 NW2d 1 (2001). "Thus, our primary goal is to determine and effectuate the intent behind the rule." *Id*. at 661. "Where the plain meaning of the text is unambiguous, no judicial construction is permitted." *Id*. The "trial

---

[1] See *McNeill v Wayne Co*, unpublished order of the Court of Appeals, issued November 26, 2008 (Docket No. 287111) and *McNeill v Wayne Co*, 483 Mich 979 (2009).

court's findings of fact are reviewed for clear error," while "[q]uestions of constitutional law are reviewed . . . de novo." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

## B. FILING FEES

First, plaintiff argues that the basis that the trial court enunciated for its dismissal was error. Defendant Wayne Circuit Court seems to concede this error, and we agree that dismissal on the basis that plaintiff failed to pay the statutory filing fee was error.

As noted, plaintiff had been granted a fee waiver in Oakland Circuit Court. MCR 2.223 sets forth the procedures for transferring a case when "the venue of a civil action is improper." MCR 2.223(A). MCR 2.223(B)(1) states that the transferring "court must order the plaintiff to pay the applicable statutory filing fee directly to the receiving court, unless fees have been waived in accordance with MCR 2.002." MCR 2.223(B)(3) states that "[t]he receiving court must notify the plaintiff of the new case number in the receiving court, the amount due, and the due date." It does not appear plaintiff was ever informed by the receiving court of any amount due or due date, as the notice letter was sent to an incorrect address, despite use of the correct address in the filings transferred from Oakland County. Additionally, the Wayne Circuit Court's expectation of a filing fee appears to have been created by the failure of the transfer order to acknowledge that the fee had been waived. "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). Basing the dismissal on an unpaid statutory filing fee that had been waived (and which plaintiff was never notified she had to pay) was thus an abuse of discretion.

## C. BOND

While plaintiff correctly challenges her nonpayment of filing fees as the basis for the dismissal, as defendant Wayne Circuit Court argues, she fails to account for the failure to pay the bond that was required of her in order to file this lawsuit.

An "injunction against further litigation" may be ordered "where a right claimed by an individual is indefinitely litigated by him without success," to prevent "the successful party [being] harassed by indefinite litigation." *Detroit Trust Co v Hunrath*, 168 Mich 180, 193; 131 NW 147 (1911) (quotation marks and citations omitted). This Court will not reverse over "harmless error" when the trial court has nonetheless arrived at the correct result. *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 145; 715 NW2d 398 (2006).

Plaintiff has not raised any identifiable issue relating to why her claims should not have been dismissed for failure to post bond.[2] The injunction's terms clearly required the posting of a

---

[2] Apart from the filing fee issue, plaintiff's appeal brief focuses on the merits of the trial court's rulings in the prior lawsuits. There is no dispute that the trial court had jurisdiction in those cases, each of which proceeded to a final judgment. Thus, the trial court's orders in the prior cases are not subject to collateral attack in this appeal. See *In re Ferranti*, 504 Mich 1, 22-23; 934 NW2d 610 (2019) ("the 'collateral bar' rule generally prohibits a litigant from indirectly attacking a prior

$15,000 bond before filing this suit. Plaintiff posted no such bond in the Oakland or Wayne Circuit Courts. The injunction itself has been challenged before, with both this Court and the Supreme Court refusing to invalidate it. See *McNeill v Wayne Co*, unpublished order of the Court of Appeals, issued November 26, 2008 (Docket No. 287111), lv den 483 Mich 979 (2009). The injunction had been necessitated by plaintiff's continual filing of repetitive and unsuccessful suits, and several of plaintiff's suits have been dismissed because of her failure to post the required bond. There can therefore be no doubt that plaintiff was well aware of the need for her to post the bond, and yet she failed to do so. We will not reverse the trial court when it reaches the correct result regardless of the reasoning employed. *Zimmerman v Owens*, 221 Mich App 259, 264-265; 561 NW2d 475 (1997). Dismissal was required by plaintiff's failure to post the required bond.

## D. CONSTITUTIONAL CLAIMS

Finally, plaintiff argues that the trial court's actions violated her Seventh and Fourteenth Amendment rights under the United States Constitution.

To begin, it is worth noting that the right to a trial by jury in civil suits that plaintiff is claiming here is properly found in the Michigan Constitution, Const 1963, art 1, § 14. That aspect of the Seventh Amendment has not been incorporated against the states. *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 132; 573 NW2d 61 (1997). As for the Fourteenth Amendment, plaintiff argues that the trial court violated her rights under the Privileges and Immunities, Equal Protection, and Due Process Clauses. However, plaintiff fails to cite any binding caselaw to support her broad constitutional arguments. This constitutes abandonment of the issue. See *In re Temple Marital Trust*, 278 Mich App 122, 139; 748 NW2d 265 (2008). Her constitutional arguments are also all based on the imperfect application below of MCR 2.223, but plaintiff's failure to post the required bond provided an independent basis for dismissal, and none of plaintiff's constitutional arguments extends to that basis for dismissal.

Finally, plaintiff's argument that MCR 2.222(E)(1) should operate to send her case back to the Oakland Circuit Court is incorrect. MCR 2.222(E)(1) applies only when the venue change was "for the convenience of parties and witnesses or when an impartial trial cannot be had where the action is pending." MCR 2.222(A). As noted, the transfer from Oakland to Wayne Circuit Court was mandatory, not permissive.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

judgment in a later, *separate* action, unless the court that issued the prior judgment lacked jurisdiction over the person or subject matter in the first instance").